UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RHODE ISLAND LATINO ARTS, NATIONAL QUEER THEATER, THE THEATER OFFENSIVE, and THEATRE COMMUNICATIONS GROUP,<br><br>*Plaintiffs*,<br><br>v.<br><br>NATIONAL ENDOWMENT FOR THE ARTS, and MARY ANNE CARTER, in her official capacity as Acting Chair of the National Endowment for the Arts,<br><br>*Defendants*. | Case No.  25-cv-00079 |

**PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION, EXPEDITED HEARING, AND/OR A TEMPORARY RESTRAINING ORDER**

Plaintiffs hereby move this Court, pursuant to Federal Rule of Civil Procedure 65, for an order preliminarily enjoining Defendants from violating the First Amendment and Fifth Amendments to the United States Constitution, and the Administrative Procedure Act, 5 U.S.C. § 551 et seq. by requiring applicants seeking grants from the National Endowment for the Arts ("NEA") to certify that they will not "promote" what the government deems to be "gender ideology," and by barring any applicants that appear to "promote" such ideas from receiving funding ("gender ideology" prohibition).

Plaintiffs seek expedited consideration of, and hearing on, this motion in order to permit a ruling before March 24, 2025, the current deadline for NEA applications, so that they can submit applications without being subject to the "gender ideology" prohibition. In the alternative, if the

1

Court is unable to hear or rule on the preliminary injunction request by that date, Plaintiffs seek a temporary restraining order to that effect.

In support of the motion, Plaintiffs rely upon the Complaint; the Declarations of Vera Eidelman, Marta V. Martínez, Adam Odsess-Rubin, Giselle Byrd, and Emilya Cachapero, and accompanying exhibits; and a supporting memorandum of law submitted herewith.

Plaintiffs seek a preliminary injunction, or in the alternative a temporary restraining order, enjoining Defendants, their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with them, from (1) implementing or giving effect to Executive Order 14168, Defendants' amendments to the Assurance of Compliance to implement Executive Order 14168, and any other actions by Defendants to implement Executive Order 14168 and (2) from taking any other action that prevents Defendants from fulfilling their statutory duty to judge grant applications using the criteria set forth in the Act of "artistic excellence and artistic merit."

Plaintiffs also respectfully request that the Court's order direct Defendants to accept applications from applicants who did not submit Part 1 of the NEA application, which is due on March 11, 2025, and also requires that applicants agree to the "gender ideology" prohibition, because they were unwilling to agree to it. Plaintiffs respectfully request that the Court's order direct Defendants to permit such applicants to submit Parts 1 *and* 2 of the application by March 24, 2025, or within a reasonable period to be set by the Court after hearing from the parties.

Expedited consideration is required because the NEA's March 2025 funding cycle requires applicants to submit their applications by March 24, and an initial certification agreeing to be bound by the prohibition on "promot[ing] gender ideology" by March 11. In the absence of judicial relief, Plaintiff RILA will be forced to alter its application; Plaintiffs NQT and TTO will be barred

from eligibility for this cycle, though they need to be eligible in March in order to seek funding for the projects they are envisioning; and members of TCG will be chilled from applying for funding at all. Because the "gender ideology" prohibition is unconstitutional and unauthorized by statute, and will inflict irreparable harm by denying organizations who depend on NEA funding from competing fairly for such grants, Plaintiffs seek expedited consideration.

On March 5, 2025, prior to filing this motion, undersigned counsel Vera Eidelman called and emailed Valencia Rainey, Acting General Counsel for the NEA, to notify her of Plaintiffs' intent to seek a preliminary injunction, expedited hearing, and/or a temporary restraining order.

Plaintiffs respectfully request that the motion be scheduled for an expedited hearing.

By their attorneys,

/s/ Lynette Labinger
Lynette Labinger, Esq., (Bar No. 1645)
128 Dorrance Street, Box 710
Providence, RI 02903
Telephone: 401.465.9565
LL@labingerlaw.com

Cooperating counsel
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF RHODE ISLAND

Vera Eidelman*
Scarlet Kim*
Lauren Yu*
Brian Hauss*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
veidelman@aclu.org
scarletk@aclu.org
lyu@aclu.org
bhauss@aclu.org

David D. Cole*
600 New Jersey Ave. NW
Washington, DC 20001

(202) 622-9078
cole@georgetown.edu

*Pro hac vice* applications forthcoming

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the within document via the ECF system on the 6th day of March, 2025 and that it is available for viewing and downloading to all counsel of record and that I provided the within document by email to:

Valencia Rainey, Acting General Counsel for the NEA, OGC@arts.gov

/s/ Lynette Labinger
Lynette Labinger

4