UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RHODE ISLAND LATINO ARTS, et al.,

    *Plaintiffs*,

  v.

NATIONAL ENDOWMENT FOR THE ARTS; et al.,

    *Defendants*.

Case No. 25-79 WES

### PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION AND INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs Rhode Island Latino Arts, National Queer Theater, The Theater Offensive, and Theatre Communications Group ("Plaintiffs"), by and through their undersigned counsel, serve this First Set of Requests for Admission and Interrogatories on Defendants National Endowment for the Arts and Mary Anne Carter ("Defendants").

Each request for admission and interrogatory shall be answered separately and fully in writing under oath within 30 days of the date of service hereof, unless shortened by agreement of the parties or Court order, and in accordance with the following definitions and instructions. The obligations imposed upon Defendants by Rules 26 and 33 of the Federal Rules of Civil Procedure are hereby incorporated by reference.

1

## **DEFINITIONS**

The following definitions shall apply to this First Set of Requests for Admission and Interrogatories:

a) "Chair" means the Chair of the NEA, the Acting Chair of the NEA, or any other individual performing the duties and obligations assigned to the Chair under 20 U.S.C. § 954 or the NEA's Final Notice of Implementation of Executive Order 14168, dated April 16, 2025.

b) "Conclusion" means determination, assessment, consideration, or conclusion.

c) "Disqualify" means to render ineligible for or bar a proposed project from receiving NEA funds, including in the form of a Grant for Arts Project.

d) "Document" is used in the broadest sense and includes, but is not limited to, all non-identical copies and drafts of correspondence, letters, papers, contracts, invoices, purchase orders, agreements, records, reports, books, summaries, diaries, notes, messages, facsimiles, memoranda, minutes, graphs, spreadsheets, diagrams, photographs, valuations, appraisals, tape recordings, and computer data. The term "document" shall further include, without limitation, any electronically stored information, electronic and magnetically stored forms of data in any format or file type, including electronic mail. A draft or non-identical copy is a separate document within the meaning of this term.

e) "Gender ideology" has the meaning set forth in Executive Order 14168.

f) "Identify," when referring to:

   i. a witness, means, to the extent known, the witness's full name, present or last known address, and current employment;

   ii. a document, means to give, to the extent known, the type of document; general subject matter; date of the document; author(s), addressee(s), and recipient(s); and who has present, or last known, possession, custody, or control thereof.

g) "Include" means including, but not limited to. It should not be read to limit the scope of any particular request, but merely serves to illustrate some information that would be responsive.

h) "NEA" means National Endowment for the Arts.

i) "Proposed project" means the project described in an application for NEA funds, including in the form of a Grant for Arts Project.

j) Wherever used herein, the singular shall be deemed to include the plural, and the plural shall be deemed to include the singular; the masculine shall be deemed to include the

feminine, and the feminine shall be deemed to include the masculine; the disjunctive ("or") shall be deemed to include the conjunctive ("and"), and the conjunctive ("and") shall be deemed to include the disjunctive ("or"); each of the functional words "each", "every", "any", and "all" shall be deemed to include each of the other functional words; words in the past tense shall be deemed to include the present, and words in the present tense shall be deemed to include the past

## **INSTRUCTIONS**

The rules of construction set forth in Rules 26 and 36 of the Federal Rules of Civil Procedure are incorporated as if set forth fully herein. In addition, the following instructions shall apply:

1. Each requested admission seeks a written answer admitting or denying the truth thereof.

2. Each request herein should be construed independently and not with reference to any other paragraph, unless otherwise specified or incorporated.

3. If a requested admission is denied, it shall be specifically denied and the denial shall fairly meet the substance of the request admission.

4. If the requested admission requires a qualified admission of the truth thereof, or only a partial denial, the written answer shall specify so much of the requested admission that is true and qualify or deny the remainder, stating the reasons.

5. If a requested admission cannot be truthfully admitted or denied, the written answer shall set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter thereof.

6. If a requested admission is considered objectionable, the written answer shall state the reason for the objection. Fed. R. Civ. P. 36(a)(5).

7.  Unless the answering party has made reasonable inquiry and expressly states that reasonable inquiry has been made that the information known or readily obtainable by the party is insufficient to enable admission or denial of the requested admission, lack of information or knowledge shall not constitute a reason for failure to admit or deny a requested admission.

8.  Defendants shall be obligated to supplement their responses to the Requests at such times and to the extent required by the Federal Rules of Civil Procedure.

# REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION No. 1

Admit that the NEA's or Chair's conclusion that a proposed project "promotes gender ideology" will disqualify the project from receiving an NEA grant.

If your answer to Request for Admission No. 1 is an unqualified admission, you do not need to respond to Requests for Admission No. 2 or 3.

### REQUEST FOR ADMISSION No. 2

If your answer to Request for Admission No. 1 is anything other than an unqualified admission, admit that the NEA's or Chair's conclusion that a proposed project "promotes gender ideology" will make it less likely that the project will receive an NEA grant.

If your answer to Request for Admission No. 2 is an unqualified admission, you do not need to respond to Request for Admission No. 3.

### REQUEST FOR ADMISSION No. 3

If your answer to Request for Admission No. 2 is anything other than an unqualified admission, admit that the NEA's or Chair's conclusion that a proposed project "promotes gender ideology" will make no difference as to whether the project will receive an NEA grant.

## INTERROGATORIES

### INTERROGATORY No. 1

Explain whether the NEA's or Chair's conclusion that a proposed project "promotes gender ideology" will disqualify a project from receiving an NEA grant.

### INTERROGATORY No. 2

Explain whether the NEA's or Chair's conclusion that a proposed project "promotes gender ideology" will make it less likely that the project will receive an NEA grant.

### INTERROGATORY No. 3

Explain whether the NEA's or Chair's conclusion that a proposed project "promotes gender ideology" will make no difference as to whether the project will receive an NEA grant.

### INTERROGATORY No. 4

If your answer to Request for Admission No. 1 is anything other than an unqualified admission, identify in full the basis for your answer, including all information and/or documents and/or witnesses on which you intend to rely.

### INTERROGATORY No. 5

If you were required to answer Request for Admission No. 2, and your answer is anything other than an unqualified admission, identify in full the basis for your answer, including all information and/or documents and/or witnesses on which you intend to rely.

### INTERROGATORY No. 6

If you were required to answer Request for Admission No. 3, and your answer is anything less than an unqualified admission, identify in full the basis for your answer, including all information and/or documents and/or witnesses on which you intend to rely.

Dated: May 12, 2025                                     Respectfully submitted,

/s/ *Vera Eidelman*
Vera Eidelman*
Scarlet Kim*
Lauren Yu*
Brian Hauss*
AMERICAN CIVIL LIBERTIES UNION
   FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
veidelman@aclu.org
scarletk@aclu.org
lyu@aclu.org
bhauss@aclu.org

/s/ *Lynette Labinger*
Lynette Labinger, Esq., (Bar No. 1645)
128 Dorrance Street, Box 710
Providence, RI 02903
401.465.9565
LL@labingerlaw.com
Cooperating counsel
AMERICAN CIVIL LIBERTIES UNION
   FOUNDATION OF RHODE ISLAND

David D. Cole*
600 New Jersey Ave. NW
Washington, DC 20001
(202) 622-9078
cole@georgetown.edu

*Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2025, a true copy of this document was delivered electronically using the CM/ECF system to all counsel of record.

                                              /s/ *Vera Eidelman*
                                              Vera Eidelman

                                              Counsel for Plaintiffs