# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RHODE ISLAND LATINO ARTS, NATIONAL QUEER THEATER, THE THEATER OFFENSIVE, and THEATRE COMMUNICATIONS GROUP,<br><br>    Plaintiffs,<br><br>    v.<br><br>NATIONAL ENDOWMENT FOR THE ARTS; MARY ANNE CARTER, in her official capacity as Acting Chair of the National Endowment for the Arts,<br><br>    Defendants. | Civil Action<br>No. 25-cv-79-WES-PAS |

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(c) TO PRECLUDE EXTRA-RECORD DISCOVERY**

Plaintiffs have filed facial challenges under the Administrative Procedure Act ("APA") and the Constitution (ECF 15) to the lawfulness of predecisional guidance (Ex. 1) issued by the National Endowment for the Arts ("NEA"). That nine-page guidance states that the NEA's Chair will implement Executive Order 14168 (the "EO") when reviewing grant applications that have been affirmatively recommended for funding subject to applicable law. Ex. 1; 20 U.S.C. § 955(f). Thus, the guidance makes clear that the three preceding layers of review—by (1) NEA staff, (2) expert panels in each artistic discipline, and (3) the National Council on the Arts—will not apply the EO. Ex. 1; ECF 2-2 at 25-26. The Chair alone will apply the EO when evaluating grant applications that have been recommended for approval on a case-by-case basis, no earlier than late October 2025. Ex. 1 at 2, 8. Plaintiffs seek discovery (ECF 16) to force the agency to speculate as to how the Chair will implement the EO concerning each application. The Court should preclude such discovery for three reasons.

First, compelling discovery—essentially to preview decisions that have not been made—would improperly countermand Congress's authorization of the agency's Chair "to establish and carry out a program of . . . grants-in-aid" to fund "projects," 20 U.S.C. § 954(b), "in accordance with regulations issue and procedures established by the Chair[ ]," 20 U.S.C. § 954(d). *See also* 20 U.S.C. § 959(a) (authorizing the Chair to "prescribe such regulations as the Chair[ ] deems necessary"). Because the agency "was not required to issue such guidance in the first place," it is "free to develop regulatory standards 'either by general [legislative] rule or by individual order' in an adjudication." *See Food & Drug Admin. v. Wages & White Lion Invs., LLC*, 145 S. Ct. 898, 915, 925 (2025) (quoting *SEC v. Chenery Corp.*, 332 U.S. 194, 202-203, (1947) (*Chenery II*); brackets in original). "A contrary rule would be in tension with *Chenery II*'s teaching that, absent a statutory prohibition, agencies may generally develop regulatory standards through either adjudication or rulemaking." *Id*. at 925. As a result, the NEA's Chair "ha[s] discretion to work out"

the actual implementation of the agency's predecisional guidance when evaluating grant applications recommended for approval, and not in discovery preceding those evaluations. *See id*.[1]

Plaintiffs have brought a facial challenge to the NEA's predecisional guidance, and the lawfulness of that guidance must stand on the grounds the guidance cites. *Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co*. 463 U.S. 29, 50 (1983) ("It is well-established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself."). Yet Plaintiffs' discovery proceeds on the mistaken assumption that the Chair has, in fact, worked out how the EO might be implemented in each individual case. But how the EO might apply in a given case will depend in part on the Chair's final review of an administrative record pertaining to each application generated by three preceding, provisional layers of review (as Exhibit 1 describes). Most of the review materials do not yet exist, which is a practical obstacle to clarifying the predecisional guidance as Plaintiffs' discovery seeks. *Cf. Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984) ("To review more than the information before the Secretary at the time she made her decision risks our requiring administrators to be prescient . . . ."). And that practical obstacle is a reasonable basis for the agency's predecisional guidance to say only what it does and for this Court to preclude discovery. *Cf. Ward v. Rock Against Racism*, 491 U.S. 781, 794 (1989) ("While these standards are undoubtedly flexible, and the officials implementing them will exercise considerable discretion, perfect clarity and precise guidance have never been required even of regulations that restrict expressive activity.").

---

[1] *Wages & White Lion* involved challenges to the FDA's denial of applications to market e-cigarettes. The Court described the agency's predecisional guidance as "discursive" and showing the agency "feeling its way toward a final stand," *id*. 910, and its "evolving assessment of the relevant issues," *id*. at 916. The Court also described the agency's predecisional guidance as "largely noncommittal," *id*. at 921, "not categorical," *id*. at 922, and not "lay[ing] down any clear test," *id*. at 920. Nevertheless, rejecting applicants' arguments that the agency's guidance failed to provide "fair notice" of how the guidance "would be imposed at the application stage," *id*. at 917, the Court concluded that the proper evaluation of the agency's guidance and decisionmaking arose under the "change-in-position doctrine," one of whose questions is whether the agency acted inconsistently with its own guidance, *id*. at 918. Plaintiffs' discovery, as explained above, seeks pre-adjudication reasoning that the agency is not required to provide.

Second, in APA actions, discovery is presumptively prohibited, and judicial review proceeds on the administrative record. *Dep't of Commerce v. New York*, 588 U.S. 752, 780-81 (2019). As the Supreme Court explained, "That principle reflects the recognition that further judicial inquiry into executive motivation represents a substantial intrusion into the workings of another branch of Government and should normally be avoided . . . ." *Id.* at 781 (cleaned up); *see also Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."); *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); *cf. Chapman v. Supplemental Ben. Ret. Plan of Lin Television Corp.*, 861 F. Supp. 2d 41, 47 (D.R.I. 2012) (Smith, J.) (declining to consider extra-record evidence in ERISA case) ("[A] court's review of an administrative decision is generally restricted to the administrative record . . . .").

The presumption against discovery in APA cases applies regardless of whether a claimant has pleaded separate causes of action under the Constitution (as Plaintiffs have). *See, e.g., Harvard Pilgrim Health Care of New England v. Thompson*, 318 F. Supp. 2d 1, 10 (D.R.I. 2004) (Lagueux, J.) (adopting magistrate judge's report and recommendation to grant motion for protective order to preclude extra-record discovery) ("The APA's restriction of judicial review to the administrative record would be meaningless if any party seeking review based on statutory or constitutional deficiencies was entitled to broad-ranging discovery.").

The limitation on scrutinizing only the administrative record in APA cases applies with greater force here, because Plaintiffs' requests seek predictions about administrative adjudications that will not occur for at least another five months based on yet-to-be-generated administrative records about each grant application. The NEA is not aware of any case resolving the scope of APA discovery disputes in which a court compelled discovery regarding predecisional guidance as part of a facial challenge before the agency had completed its administrative enforcement action or adjudication.

Third, none of the exceptions to the rule foreclosing discovery in APA cases applies here. The Supreme Court has "recognized a narrow exception to the general rule against inquiring into

'the mental processes of administrative decisionmakers.' On a 'strong showing of bad faith or improper behavior,' such an inquiry may be warranted and may justify extra-record discovery." *Dep't of Commerce*, 588 U.S. at 781 (quoting *Overton Park*, 401 U.S. at 420). Based on the parties' conferences, the NEA understands that Plaintiffs do not rely on either of these grounds. Instead, the NEA understands that Plaintiffs seek discovery on additional grounds recognized by the First Circuit—namely, "to facilitate [the court's] comprehension of the record or the agency's decision, particularly when highly technical, environmental matters are at issue or when the agency has failed to explain administrative action as to frustrate effective judicial review." *Housatonic River Initiative v. U.S. Envtl. Prot. Agency*, 75 F.4th 248, 278 (1st Cir. 2023) (declining to review extra-record materials in assessing challenge to EPA permit).[2] Neither of these exceptions apply.

The "highly technical" exception applies to "request[s] to supplement the administrative record with evidence *that was not before the agency at the time of the action*." *E.g.*, *Sierra Club v. United States Army Corps of Eng'rs*, No. 2:20-CV-00396-LEW, 2023 WL 4350730, at *2 (D. Me. July 5, 2023) (granting and denying in part motion to supplement administrative record) (emphasis added); *see also, e.g.*, *Love v. Thomas*, 858 F.2d 1347, 1356 (9th Cir. 1988). Again, Plaintiffs seek information preceding the agency's final action on any application, and the Chair will work out how the EO will apply when evaluating those grant applications case by case. *Wages & White Lion Invs., LLC*, 145 S. Ct. at 925.

Judicial review is arguably frustrated when an agency has not explained itself at all *following* its adjudication or enforcement action. *See, e.g.*, *Camp*, 411 U.S. at 142-43. In the agency's predecisional guidance, it set forth the steps the agency will follow to adjudicate

---

[2] To the extent Plaintiffs rely on other grounds, they cannot apply. As the NEA has not yet produced the administrative record ("AR"), discovery could not be based on suspicion that the as-yet-to-be-produced AR is incomplete. And, while some courts have permitted extra-record discovery for "background," no one could cite that information "as a new rationalization either for sustaining or attacking the [a]gency's decision." *Ass'n of Pac. Fisheries v. EPA*, 615 F.2d 794, 811-12 (9th Cir. 1980) (Kennedy, J.). Plaintiffs' discovery appears to seek information to strengthen merits arguments on their facial challenge.

funding decisions and the parameters of that review. That guidance, and the administrative record developed in issuing it, must suffice for the parties and the Court to resolve Plaintiffs' facial challenge. *State Farm*, 463 U.S. at 50. Similarly, in *Finley v. National Endowment for the Arts*, plaintiffs facially challenged Congress's revision of the NEA's enabling statute, and contended that uncertainty about how the agency might implement those revisions should invalidate them. Resp't's Br., *Nat'l Endowment for the Arts v. Finley* (1998) (No. 97-471), 1998 WL 47281 at *6. The Supreme Court was able to decide *Finley* notwithstanding that alleged uncertainty and rejected plaintiffs' vagueness challenge. *Nat'l Endowment for the Arts v. Finley*, 524 U.S. 569, 572, 588-89 (1998).

## CONCLUSION

For the preceding reasons, and because Plaintiffs facially challenge the lawfulness of pre-decisional guidance, the NEA respectfully asks the Court to grant its motion for a protective order and preclude discovery.

Dated: May 19, 2025

Respectfully submitted,

NATIONAL ENDOWMENT FOR THE ARTS; MARY ANNE CARTER, in her official capacity as Acting Chair of the National Endowment for the Arts,

By their Attorneys

SARA MIRON BLOOM
Acting United States Attorney

*/s/ Kevin Bolan*
KEVIN BOLAN
Assistant United States Attorney
One Financial Plaza, 17th Floor
Providence, RI 02903
(401) 709-5000
kevin.bolan@usdoj.gov

## CERTIFICATIONS

 I certify that on May 19, 2025, I filed this document and its attachments through the Court's ECF system, thereby electronically serving all parties of record in this action.

 I also certify that the parties conferred in good faith concerning Plaintiffs discovery requests as part of conferences conducted by Teams on Thursday, April 25, and Friday, May 2, 2025.

            */s/ Kevin Bolan*
            KEVIN BOLAN
            Assistant United States Attorney