UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RHODE ISLAND LATINO ARTS, NATIONAL QUEER THEATER, THE THEATER OFFENSIVE, and THEATRE COMMUNICATIONS GROUP,<br><br>    Plaintiffs,<br><br>    *v.*<br><br>NATIONAL ENDOWMENT FOR THE ARTS; MARY ANNE CARTER, in her official capacity as Acting Chair of the National Endowment for the Arts,<br><br>    Defendants. | Civil Action<br>No. 25-cv-79-WES-PAS |

**DEFENDANTS' ANSWER TO**
**PLAINTIFFS' AMENDED COMPLAINT (ECF 15)**

    The Defendants National Endowment for the Arts and its Senior Advisor Mary Anne Carter (collectively, the "NEA"), through undersigned counsel, respond below to Plaintiffs' Amended Complaint.

    The NEA denies all of Plaintiffs' allegations unless specifically admitted. As to any facts that the NEA admits, the NEA admits only specific facts and not Plaintiffs' conclusions, characterizations, implications, or speculations that Plaintiffs' state, incorporate, or imply in their pleading (collectively, "characterizations"), which the NEA denies. The NEA reserves the right to amend its responses, and the NEA incorporates the preceding, global qualification into each paragraph of its Answer.

    1.    The statements in this paragraph either are Plaintiffs' characterizations of this action or are legal conclusions to which no response is required.

    2.    Admitted as to the second sentence, that Plaintiffs have received NEA funding in the past, and that some of them have applied for the GAP March 2025 application cycle. Otherwise, denied.

3. Admitted as to the first sentence. This paragraph's cited and / or quoted source(s) speak for themselves, and the NEA denies Plaintiffs' characterizations of them. The remaining statements in this paragraph are legal conclusions to which no response is required.

4. Admitted that President Trump issued Executive Order 14168 ("EO") on January 20, 2025. This paragraph's cited and / or quoted source(s) speak for themselves, and the NEA denies Plaintiffs' characterizations of them.

5. Admitted as to the first sentence, except as to statements implying that the EO reflects operative NEA guidance, which the NEA denies. Otherwise, denied.

6. Admitted that Plaintiffs initiated this lawsuit and moved for a preliminary injunction on March 6, 2026. The remaining statements in this paragraph either are Plaintiffs' characterizations of this action or are legal conclusions to which no response is required.

7. Admitted with the exception of the characterization of the NEA's predecisional guidance as "Final EO Implementation," which the NEA denies.

8. The NEA denies that there is any "certification requirement" or "eligibility bar." *See* ECF 11-1 at 70-71. The remaining statements in this paragraph either are Plaintiffs' characterizations of this action or are Plaintiffs' speculations or are legal conclusions to which no response is required; to the extent that a response is required, denied.

9. The statements in this paragraph are legal conclusions to which no response is required.

10. Admitted that Plaintiffs seek relief in this case against an agency of the United States and an officer of that agency acting in her official capacity and that Plaintiff Rhode Island Latino Arts resides in Rhode Island. The remaining statements in this paragraph are legal conclusions to which no response is required.

11. Admitted as to the first two sentences and that Rhode Island Latino Arts has put on theatrical performances, script readings, and storytelling events, and received NEA funding in the past. The NEA lacks knowledge or information sufficient to form a belief about the truth of this paragraph's remaining characterizations and/or allegations and therefore denies them.

12. Admitted as to the first sentence to the extent that National Queer Theater, Inc. ("NQT") has featured work with transgender and nonbinary individuals and themes, and that the NEA has both awarded and offered NQT applications. Otherwise, the NEA lacks knowledge or information sufficient to form a belief about the truth of this paragraph's remaining allegations and therefore denies them.

13. Admitted, as to the first sentence, that TTO is a theatrical organization focused on "queer and trans people of color," and that TTO has received five grants from the NEA. The NEA lacks knowledge or information sufficient to form a belief about the truth of the remaining statements as Plaintiffs' characterizations including "the most underserved" and therefore denies them.

14. Admitted as to the first sentence and that TCG is a national theater organization with members. The NEA lacks knowledge or information sufficient to form a belief about the truth of the remaining characterizations and/or allegations by Plaintiffs and therefore denies them.

15. Admitted.

16. Admitted as to the second sentence; denied as to the first.

17. Admitted as to the first sentence. This paragraph's cited and / or quoted source(s) speak for themselves, and the NEA denies Plaintiffs' characterizations of them. The remaining statements in this paragraph are legal conclusions to which no response is required.

18. This paragraph's cited and / or quoted source(s) speak for themselves, and the NEA denies Plaintiffs' characterizations of them. The remaining statements in this paragraph are legal conclusions to which no response is required.

19. This paragraph's cited and / or quoted source(s) speak for themselves, and the NEA denies Plaintiffs' characterizations of them. The remaining statements in this paragraph are legal conclusions to which no response is required.

20. This paragraph's cited and / or quoted source(s) speak for themselves, and the NEA denies Plaintiffs' characterizations of them. The remaining statements in this paragraph are legal conclusions to which no response is required.

21. This paragraph's cited and / or quoted source(s) speak for themselves, and the NEA denies Plaintiffs' characterizations of them. Denied as to Plaintiffs' characterization of the National Council on the Arts as "decisionmakers." The remaining statements in this paragraph are legal conclusions to which no response is required.

22. This paragraph's cited and / or quoted source(s) speak for themselves, and the NEA denies Plaintiffs' characterizations of them. The remaining statements in this paragraph are legal conclusions to which no response is required.

23. Admitted as to the first sentence. Admitted as to the second sentence with the exception of Plaintiffs' characterization of frequency, which the NEA denies. Admitted as to the third sentence with the exception of Plaintiffs' characterization of the awards, which the NEA denies.

24. This paragraph's cited and / or quoted source(s) speak for themselves, and the NEA denies Plaintiffs' characterizations of them. The remaining statements in this paragraph are legal conclusions to which no response is required.

25. This paragraph's cited and / or quoted source(s) speak for themselves, and the NEA denies Plaintiffs' characterizations of them. The remaining statements in this paragraph are legal conclusions to which no response is required.

26. This paragraph's cited and / or quoted source(s) speak for themselves, and the NEA denies Plaintiffs' characterizations of them. The remaining statements in this paragraph are legal conclusions to which no response is required.

27. Admitted.

28. This paragraph's cited and / or quoted source(s) speak for themselves, and the NEA denies Plaintiffs' characterizations of them. The remaining statements in this paragraph are legal conclusions to which no response is required.

29. This paragraph's cited and / or quoted source(s) speak for themselves, and the NEA denies Plaintiffs' characterizations of them. The remaining statements in this paragraph are legal conclusions to which no response is required.

30. This paragraph's cited and / or quoted source(s) speak for themselves, and the NEA denies Plaintiffs' characterizations of them. The remaining statements in this paragraph are legal conclusions to which no response is required.

31. This paragraph's cited and / or quoted source(s) speak for themselves, and the NEA denies Plaintiffs' characterizations of them. The remaining statements in this paragraph are legal conclusions to which no response is required.

32. Admitted.

33. This paragraph's cited and / or quoted source(s) speak for themselves, and the NEA denies Plaintiffs' characterizations of them. The remaining statements in this paragraph are legal conclusions to which no response is required.

34. This paragraph's cited and / or quoted source(s) speak for themselves, and the NEA denies Plaintiffs' characterizations of them. The remaining statements in this paragraph are legal conclusions to which no response is required.

35. Admitted.

36. Admitted.

37. Admitted.

38. Admitted, except as to Plaintiffs' characterization of applicants' certification requirements, which the NEA denies.

39. Admitted.

40. Denied.

41. Admitted.

42. Admitted.

43. Admitted as to only Part 1; denied as to Part 2.

44. Admitted.

45. Admitted.

46. Admitted.

47. Admitted.

48. Admitted.

49. This paragraph's cited and / or quoted source(s) speak for themselves, and the NEA denies Plaintiffs' characterizations of them.

50. This paragraph's cited and / or quoted source(s) speak for themselves, and the NEA denies Plaintiffs' characterizations of them.

51. This paragraph's cited and / or quoted source(s) speak for themselves, and the NEA denies Plaintiffs' characterizations of them.

52. Admitted.

53. Admitted.

54. This paragraph's cited and / or quoted source(s) speak for themselves, and the NEA denies Plaintiffs' characterizations of them.

55. This paragraph's cited and / or quoted source(s) speak for themselves, and the NEA denies Plaintiffs' characterizations of them.

56. This paragraph's cited and / or quoted source(s) speak for themselves, and the NEA denies Plaintiffs' characterizations of them.

57. This paragraph's cited and / or quoted source(s) speak for themselves, and the NEA denies Plaintiffs' characterizations of them. The remaining statements in this paragraph are legal conclusions to which no response is required.

58. Admitted.

59. This paragraph's cited and / or quoted source(s) speak for themselves, and the NEA denies Plaintiffs' characterizations of them. The remaining statements in this paragraph are legal conclusions to which no response is required.

60. Admitted.

61. Admitted that the Plaintiffs initiated this case on March 6, 2025. The remaining statements in this paragraph are Plaintiffs' characterizations of this action to which no response is required.

62. Admitted.

63. Admitted as to the first sentence. Otherwise, denied.

64. Admitted.

65. This paragraph's cited and / or quoted source(s) speak for themselves, and the NEA denies Plaintiffs' characterizations of them. The remaining statements in this paragraph are legal conclusions to which no response is required.

66. Admitted with the exception of the characterization of the NEA's predecisional guidance as "Final EO Implementation," which the NEA denies.

67. This paragraph's cited and / or quoted source(s) speak for themselves, and the NEA denies Plaintiffs' characterizations of them.

68. This paragraph's cited and / or quoted source(s) speak for themselves, and the NEA denies Plaintiffs' characterizations of them. Denied as to the second sentence.

69. Admitted.

70. Admitted.

71. Admitted.

72. Admitted.

73. Admitted.

74. Admitted.

75. Admitted.

76. The NEA lacks knowledge or information sufficient to form a belief about the truth of this paragraph's allegations and therefore denies them. The NEA denies Plaintiffs' characterizations of its anticipated and actual April 16, 2025, predecisional guidance.

77. Admitted only to the extent that allegations concerning RILA's alleged actions, perceptions, and speculations overlap with its sworn statements submitted in this case, ECF 2-3;

ECF 12-1; otherwise, the NEA lacks knowledge or information sufficient to form a belief about the truth of this paragraph's allegations concerning RILA's alleged actions, perceptions, and speculations and therefore denies them. This paragraph's characterizations about the NEA's April 16, 2025, predecisional guidance are legal conclusions to which no response is required; to the extent that a response is required, denied.

78. Admitted only to the extent that allegations concerning RILA's alleged actions, perceptions, and speculations overlap with its sworn statements submitted in this case, ECF 2-3; ECF 12-1; otherwise, the NEA lacks knowledge or information sufficient to form a belief about the truth of this paragraph's allegations concerning RILA's alleged actions, perceptions, and speculations and therefore denies them. This paragraph's characterizations about the NEA's April 16, 2025, predecisional guidance are legal conclusions to which no response is required; to the extent that a response is required, denied.

79. Admitted only to the extent that allegations concerning RILA's alleged actions, perceptions, and speculations overlap with its sworn statements submitted in this case, ECF 2-3; ECF 12-1; otherwise, the NEA lacks knowledge or information sufficient to form a belief about the truth of this paragraph's allegations concerning RILA's alleged actions, perceptions, and speculations and therefore denies them. This paragraph's characterizations about the NEA's April 16, 2025, predecisional guidance are legal conclusions to which no response is required; to the extent that a response is required, denied.

80. Admitted only to the extent that allegations concerning RILA's alleged actions, perceptions, and speculations overlap with its sworn statements submitted in this case, ECF 2-3; ECF 12-1; otherwise, the NEA lacks knowledge or information sufficient to form a belief about the truth of this paragraph's allegations concerning RILA's alleged actions, perceptions, and speculations and therefore denies them. This paragraph's characterizations about the NEA's April 16, 2025, predecisional guidance are legal conclusions to which no response is required; to the extent that a response is required, denied.

81. Admitted.

82. Admitted.

83. Admitted only to the extent that allegations concerning NQT's alleged actions, perceptions, and speculations overlap with its sworn statements submitted in this case, ECF 2-4; otherwise, the NEA lacks knowledge or information sufficient to form a belief about the truth of this paragraph's allegations concerning NQT's alleged actions, perceptions, and speculations and therefore denies them. This paragraph's characterizations about the NEA's April 16, 2025, pre-decisional guidance are legal conclusions to which no response is required; to the extent that a response is required, denied.

84. Admitted only to the extent that allegations concerning NQT's alleged actions, perceptions, and speculations overlap with its sworn statements submitted in this case, ECF 2-4; otherwise, the NEA lacks knowledge or information sufficient to form a belief about the truth of this paragraph's allegations concerning NQT's alleged actions, perceptions, and speculations and therefore denies them. This paragraph's characterizations about the NEA's April 16, 2025, pre-decisional guidance are legal conclusions to which no response is required; to the extent that a response is required, denied.

85. Admitted only to the extent that allegations concerning NQT's alleged actions, perceptions, and speculations overlap with its sworn statements submitted in this case, ECF 2-4; otherwise, the NEA lacks knowledge or information sufficient to form a belief about the truth of this paragraph's allegations concerning NQT's alleged actions, perceptions, and speculations and therefore denies them. This paragraph's characterizations about the NEA's April 16, 2025, pre-decisional guidance are legal conclusions to which no response is required; to the extent that a response is required, denied.

86. Admitted only to the extent that allegations concerning NQT's alleged actions, perceptions, and speculations overlap with its sworn statements submitted in this case, ECF 2-4; otherwise, the NEA lacks knowledge or information sufficient to form a belief about the truth of this paragraph's allegations concerning NQT's alleged actions, perceptions, and speculations and therefore denies them. This paragraph's characterizations about the NEA's April 16, 2025,

predecisional guidance are legal conclusions to which no response is required; to the extent that a response is required, denied.

       87.     Admitted only to the extent that allegations concerning NQT's alleged actions, perceptions, and speculations overlap with its sworn statements submitted in this case, ECF 2-4; otherwise, the NEA lacks knowledge or information sufficient to form a belief about the truth of this paragraph's allegations concerning NQT's alleged actions, perceptions, and speculations and therefore denies them. This paragraph's characterizations about the NEA's April 16, 2025, pre-decisional guidance are legal conclusions to which no response is required; to the extent that a response is required, denied.

       88.     Admitted as to the last sentence and, otherwise, only to the extent that allegations concerning NQT's alleged actions, perceptions, and speculations overlap with its sworn statements submitted in this case, ECF 2-4; otherwise, the NEA lacks knowledge or information sufficient to form a belief about the truth of this paragraph's allegations concerning NQT's other alleged actions, perceptions, and speculations and therefore denies them.

       89.     Admitted only to the extent that allegations concerning NQT's alleged actions, perceptions, and speculations overlap with its sworn statements submitted in this case, ECF 2-4; otherwise, the NEA lacks knowledge or information sufficient to form a belief about the truth of this paragraph's allegations concerning NQT's alleged actions, perceptions, and speculations and therefore denies them.

       90.     Admitted only to the extent that allegations concerning NQT's alleged actions, perceptions, and speculations overlap with its sworn statements submitted in this case, ECF 2-4; otherwise, the NEA lacks knowledge or information sufficient to form a belief about the truth of this paragraph's allegations concerning NQT's alleged actions, perceptions, and speculations and therefore denies them. This paragraph's characterizations about the NEA's April 16, 2025, pre-decisional guidance are legal conclusions to which no response is required; to the extent that a response is required, denied.

91. Admitted only to the extent that allegations concerning TTO's alleged actions, perceptions, and speculations overlap with its sworn statements submitted in this case, ECF 2-5; otherwise, the NEA lacks knowledge or information sufficient to form a belief about the truth of this paragraph's allegations concerning TTO's alleged actions, perceptions, and speculations and therefore denies them.

92. Admitted only to the extent that allegations concerning TTO's alleged actions, perceptions, and speculations overlap with its sworn statements submitted in this case, ECF 2-5; otherwise, the NEA lacks knowledge or information sufficient to form a belief about the truth of this paragraph's allegations concerning TTO's alleged actions, perceptions, and speculations and therefore denies them.

93. Admitted as to the last sentence and, otherwise, only to the extent that allegations concerning TTO's alleged actions, perceptions, and speculations overlap with its sworn statements submitted in this case, ECF 2-5; otherwise, the NEA lacks knowledge or information sufficient to form a belief about the truth of this paragraph's allegations concerning TTO's alleged actions, perceptions, and speculations and therefore denies them.

94. Admitted only to the extent that allegations concerning TTO's alleged actions, perceptions, and speculations overlap with its sworn statements submitted in this case, ECF 2-5; otherwise, the NEA lacks knowledge or information sufficient to form a belief about the truth of this paragraph's allegations concerning TTO's alleged actions, perceptions, and speculations and therefore denies them. This paragraph's characterizations about the NEA's April 16, 2025, pre-decisional guidance are legal conclusions to which no response is required; to the extent that a response is required, denied.

95. Admitted only to the extent that allegations concerning TTO's alleged actions, perceptions, and speculations overlap with its sworn statements submitted in this case, ECF 2-5; otherwise, the NEA lacks knowledge or information sufficient to form a belief about the truth of this paragraph's allegations concerning TTO's alleged actions, perceptions, and speculations and therefore denies them. This paragraph's characterizations about the NEA's April 16, 2025,

predecisional guidance are legal conclusions to which no response is required; to the extent that a response is required, denied.

96.     Admitted only to the extent that allegations concerning TTO's alleged actions, perceptions, and speculations overlap with its sworn statements submitted in this case, ECF 2-5; otherwise, the NEA lacks knowledge or information sufficient to form a belief about the truth of this paragraph's allegations concerning TTO's alleged actions, perceptions, and speculations and therefore denies them. This paragraph's characterizations about the NEA's April 16, 2025, pre-decisional guidance are legal conclusions to which no response is required; to the extent that a response is required, denied.

97.     Admitted only to the extent that allegations concerning TTO's alleged actions, perceptions, and speculations overlap with its sworn statements submitted in this case, ECF 2-5; otherwise, the NEA lacks knowledge or information sufficient to form a belief about the truth of this paragraph's allegations concerning TTO's alleged actions, perceptions, and speculations and therefore denies them. This paragraph's characterizations about the NEA's April 16, 2025, pre-decisional guidance are legal conclusions to which no response is required; to the extent that a response is required, denied.

98.     Admitted only to the extent that allegations concerning TTO's alleged actions, perceptions, and speculations overlap with its sworn statements submitted in this case, ECF 2-5; otherwise, the NEA lacks knowledge or information sufficient to form a belief about the truth of this paragraph's allegations concerning TTO's alleged actions, perceptions, and speculations and therefore denies them. This paragraph's characterizations about the NEA's April 16, 2025, pre-decisional guidance are legal conclusions to which no response is required; to the extent that a response is required, denied.

99.     Admitted only to the extent that allegations concerning TCG's (or its members') alleged actions, perceptions, and speculations overlap with its sworn statements submitted in this case, ECF 2-6, ECF 12-2; otherwise, the NEA lacks knowledge or information sufficient to form

a belief about the truth of this paragraph's allegations concerning TCG's (or its members') alleged actions, perceptions, and speculations and therefore denies them.

100. Admitted only to the extent that allegations concerning TCG's (or its members') alleged actions, perceptions, and speculations overlap with its sworn statements submitted in this case, ECF 2-6, ECF 12-2; otherwise, the NEA lacks knowledge or information sufficient to form a belief about the truth of this paragraph's allegations concerning TCG's (or its members') alleged actions, perceptions, and speculations and therefore denies them.

101. Admitted only to the extent that allegations concerning TCG's (or its members') alleged actions, perceptions, and speculations overlap with its sworn statements submitted in this case, ECF 2-6, ECF 12-2; otherwise, the NEA lacks knowledge or information sufficient to form a belief about the truth of this paragraph's allegations concerning TCG's (or its members') alleged actions, perceptions, and speculations and therefore denies them. This paragraph's characterizations about the NEA's April 16, 2025, predecisional guidance are legal conclusions to which no response is required; to the extent that a response is required, denied.

102. Admitted only to the extent that allegations concerning TCG's (or its members') alleged actions, perceptions, and speculations overlap with its sworn statements submitted in this case, ECF 2-6, ECF 12-2; otherwise, the NEA lacks knowledge or information sufficient to form a belief about the truth of this paragraph's allegations concerning TCG's (or its members') alleged actions, perceptions, and speculations and therefore denies them.

103. Admitted only to the extent that allegations concerning TCG's (or its members') alleged actions, perceptions, and speculations overlap with its sworn statements submitted in this case, ECF 2-6, ECF 12-2; otherwise, the NEA lacks knowledge or information sufficient to form a belief about the truth of this paragraph's allegations concerning TCG's (or its members') alleged actions, perceptions, and speculations and therefore denies them. This paragraph's characterizations about the NEA's April 16, 2025, predecisional guidance are legal conclusions to which no response is required; to the extent that a response is required, denied.

104. Admitted only to the extent that allegations concerning TCG's (or its members') alleged actions, perceptions, and speculations overlap with its sworn statements submitted in this case, ECF 2-6, ECF 12-2; otherwise, the NEA lacks knowledge or information sufficient to form a belief about the truth of this paragraph's allegations concerning TCG's (or its members') alleged actions, perceptions, and speculations and therefore denies them. This paragraph's characterizations about the NEA's April 16, 2025, predecisional guidance are legal conclusions to which no response is required; to the extent that a response is required, denied.

105. Admitted only to the extent that allegations concerning TCG's (or its members') alleged actions, perceptions, and speculations overlap with its sworn statements submitted in this case, ECF 2-6, ECF 12-2; otherwise, the NEA lacks knowledge or information sufficient to form a belief about the truth of this paragraph's allegations concerning TCG's (or its members') alleged actions, perceptions, and speculations and therefore denies them. This paragraph's characterizations about the NEA's April 16, 2025, predecisional guidance are legal conclusions to which no response is required; to the extent that a response is required, denied.

106. Admitted only to the extent that allegations concerning TCG's (or its members') alleged actions, perceptions, and speculations overlap with its sworn statements submitted in this case, ECF 2-6, ECF 12-2; otherwise, the NEA lacks knowledge or information sufficient to form a belief about the truth of this paragraph's allegations concerning TCG's (or its members') alleged actions, perceptions, and speculations and therefore denies them. This paragraph's characterizations about the NEA's April 16, 2025, predecisional guidance are legal conclusions to which no response is required; to the extent that a response is required, denied.

107. Admitted only to the extent that allegations concerning TCG's (or its members') alleged actions, perceptions, and speculations overlap with its sworn statements submitted in this case, ECF 2-6, ECF 12-2; otherwise, the NEA lacks knowledge or information sufficient to form a belief about the truth of this paragraph's allegations concerning TCG's (or its members') alleged actions, perceptions, and speculations and therefore denies them.

108. Admitted only to the extent that allegations concerning TCG's (or its members') alleged actions, perceptions, and speculations overlap with its sworn statements submitted in this case, ECF 2-6, ECF 12-2; otherwise, the NEA lacks knowledge or information sufficient to form a belief about the truth of this paragraph's allegations concerning TCG's (or its members') alleged actions, perceptions, and speculations and therefore denies them. This paragraph's characterizations about the NEA's April 16, 2025, predecisional guidance are legal conclusions to which no response is required; to the extent that a response is required, denied.

109. Admitted only to the extent that allegations concerning TCG's (or its members') alleged actions, perceptions, and speculations overlap with its sworn statements submitted in this case, ECF 2-6, ECF 12-2; otherwise, the NEA lacks knowledge or information sufficient to form a belief about the truth of this paragraph's allegations concerning TCG's (or its members') alleged actions, perceptions, and speculations and therefore denies them. This paragraph's characterizations about the NEA's April 16, 2025, predecisional guidance are legal conclusions to which no response is required; to the extent that a response is required, denied.

110. Admitted only to the extent that allegations concerning TCG's (or its members') alleged actions, perceptions, and speculations overlap with its sworn statements submitted in this case, ECF 2-6, ECF 12-2; otherwise, the NEA lacks knowledge or information sufficient to form a belief about the truth of this paragraph's allegations concerning TCG's (or its members') alleged actions, perceptions, and speculations and therefore denies them. This paragraph's characterizations about the NEA's April 16, 2025, predecisional guidance are legal conclusions to which no response is required; to the extent that a response is required, denied.

111. Admitted only to the extent that allegations concerning TCG's (or its members') alleged actions, perceptions, and speculations overlap with its sworn statements submitted in this case, ECF 2-6, ECF 12-2; otherwise, the NEA lacks knowledge or information sufficient to form a belief about the truth of this paragraph's allegations concerning TCG's (or its members') alleged actions, perceptions, and speculations and therefore denies them. This paragraph's

characterizations about the NEA's April 16, 2025, predecisional guidance are legal conclusions to which no response is required; to the extent that a response is required, denied.

112. The NEA repeats and incorporates herein its prior and subsequent responses herein, including its prefatory statements on page 1.

113. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

114. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

115. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

116. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

117. The NEA repeats and incorporates herein its prior and subsequent responses herein, including its prefatory statements on page 1.

118. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

119. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

120. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

121. The NEA repeats and incorporates herein its prior and subsequent responses herein, including its prefatory statements on page 1.

122. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

123. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

124. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

125. The NEA repeats and incorporates herein its prior and subsequent responses herein, including its prefatory statements on page 1.

126. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

127. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

128. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

129. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

130. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

131. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

132. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

133. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

134. The NEA repeats and incorporates herein its prior and subsequent responses herein, including its prefatory statements on page 1.

135. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

136. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

137. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

138. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

139. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

140. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

141. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

## PLAINTIFFS' PRAYER FOR RELIEF

Plaintiffs' prayer for relief requires no response. To the extent a response is required, the NEA denies that Plaintiffs are entitled to any relief in this action.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted.

2. The Court lacks subject matter jurisdiction over the Amended Complaint on the grounds that: (a) the Plaintiffs' lack standing; (b) the agency's April 16, 2025, predecisional guidance that Plaintiffs facially challenge does not constitute final agency action under 5 U.S.C. § 704, and Plaintiffs' claims, therefore, are not ripe; and (c) the NEA Chair's eventual, final decisionmaking concerning with any grant application's qualifies for funding is committed to the Chair's discretion by law.

3. At all times alleged in the Amended Complaint, the NEA was acting in good faith, with justification, and pursuant to authority.

4. Plaintiffs' are not entitled to attorneys' fees or costs.

5.      The NEA reserves its right to amend this Answer and to raise additional defenses which are not yet known, but which may become known. The NEA asserts herein each and every affirmative defense as may be required by Federal Rules of Civil Procedure 8 and 12.

### NEA'S PRAYER FOR RELIEF

Wherefore, the NEA respectfully requests as follows:

1.      That judgment be entered for the NEA and against Plaintiffs, dismissing Plaintiffs' Amended Complaint and this action against the NEA with prejudice;

2.      That Plaintiffs take nothing;

3.      That no injunctive or declaratory relief be awarded to Plaintiffs;

4.      That the Court award the NEA costs of suit incurred herein; and

5.      That this Court grant such further relief to the NEA as the Court deems appropriate in this action.

Dated: May 27, 2025

Respectfully submitted,

NATIONAL ENDOWMENT FOR THE ARTS; MARY ANNE CARTER, in her official capacity as Acting Chair of the National Endowment for the Arts,

By their Attorneys

SARA MIRON BLOOM
Acting United States Attorney

*/s/ Kevin Bolan*
KEVIN BOLAN
Assistant United States Attorney
One Financial Plaza, 17th Floor
Providence, RI 02903
(401) 709-5000
kevin.bolan@usdoj.gov

### CERTIFICATION

I certify that on May 27, 2025, I filed this document and its attachments through the Court's ECF system, thereby electronically serving all parties of record in this action.

*/s/ Kevin Bolan*
KEVIN BOLAN
Assistant United States Attorney